UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY C. ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   07-2199** |
| **TANGIPAHOA PARISH SCHOOL SYSTEM** | **SECTION: "4"** |

### ORDER

Before the Court is a **Motion to Set Aside Entry of Default** (R. Doc. 36) filed by the Defendant, Tangipahoa Parish School Board, pursuant to Federal Rule of Civil Procedure 55(c). The Plaintiff, Betty C. Robinson, filed a Memorandum in Opposition or Objection to the Motion to Set Aside the entry of Default. (R. Doc. 39). The motion was heard without oral argument on August 8, 2008.

**I.   Background**

On April 20, 2007, Betty C. Robinson ("Robinson") filed a complaint against the Tangipahoa Parish School System ("School System"). Under Federal Rule of Civil Procedure ("Rule") 4(m), Robinson was afforded 120 days to effect service on the School System, thus giving her until Monday, August 20, 2007 to properly serve the School System. On September 26, 2007, the Court received proof of service of process, indicating that Robinson had served the Tangipahoa Parish School Board ("School Board"). On July 14, 2008, Robinson sought the entry of a default judgment against the School Board. (R. Doc. 36). Thereafter, counsel for the School System was contacted

by the School Board and asked to look into the matter. Counsel for the School System alleges that, when he realized no answer or affirmative defenses were filed, he formally filed an Answer.

## II. Standard of Review

Rule 55 provides the mechanism for obtaining a judgment of default. Prior to obtaining a default judgment, there must be an entry of default. FED. R. CIV. P. 55. Rule 55(c) provides for relief from an entry of default. It states that, for "good cause shown" an entry of default may be set aside. *Id.* Generally, a motion to set aside entry of default is judged with fewer restraints than a motion to set aside a default judgment, which is subject to the explicit provisions of Rule 60(b). 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 2692* (3d ed. 2008). Thus, a motion to set aside the entry of a default is committed entirely to the discretion of the Court. *See Stewart v. Lubbock Country, Tex.*, 767 F.2d 153, 157 (5th Cir. 1985) (refusal to set aside default judgment reviewable for abuse of discretion).

However, "parallels between granting relief from a default entry and a default judgment motivate judges to utilize the Rule 60(b) list of grounds for relief when considering a motion to set aside a default entry." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 2694* (3d ed. 2008). Moreover, when determining whether to set aside default entries as well as default judgments, "courts uniformly consider whether [the] defendant has a meritorious defense, the timing of the motion for relief, and the level of prejudice that may occur to the nondefaulting party if relief is granted." *Id.* Generally, the requirements are interpreted more liberally when used with respect to a motion to set aside a default entry. *Id.*

Although commentary suggests a somewhat liberal standard may be used to set aside a default entry, Rule 55(c)'s statement that relief may be granted "for good cause shown" requires

some explanation for the default. The Fifth Circuit has held that the element of showing good cause requires the showing of a meritorious defense, such that the outcome of the suit would be different than if the entry of default were allowed to stand. *See Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir. 1969) (refusal to set aside default judgments affirmed where no 'hint' of meritorious defense). *See also Gulf Coast Fans Inc. v. Midwest Elec. Importers, Inc*., 740 F.2d 1499, 1511 (11th Cir. 1984); *In re Martin-Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985).  Thus, in obtaining relief from a default judgment, the Fifth Circuit requires a clear and specific statement which demonstrates, not by conclusion, but "by definite recitation of facts" that an injustice probably has been done by the judgment. *Moldwood*, 410 F.2d at 352.

**III.    Analysis**

In the instant case, Robinson only obtained an entry of default, rather than a default judgment. The School Board argues that the Court should set aside the entry of default. It further contends that, under the facts of this case, an injustice will occur if the entry of default is not set aside.

In support of its position, the School Board submitted the affidavit of Thomas Bellavia, the Assistant Superintendent.  (R. Doc. 36-3).  Bellavia states that he was personally involved in responding to the allegations of discrimination Robinson made with the Equal Employment Opportunity Commission ("EEOC").  (R. Doc. 36-3, ¶ 3).  He asserts that, on September 2, 2006, he received the EEOC's determination stating that, after the investigation, the EEOC did not find that Robinson was discriminated against based upon her race, but that she probably was denied a contract of employment due to her age.  (R. Doc. 36-3, ¶ 4).  Based upon this determination, Bellevia contacted the EEOC and proposed to settle Robinson's age claim by hiring her in a part-

3

time capacity, *i.e.*, for three hours per day, at an hourly rate of $25.00 per hour. (R. Doc. 36-3, ¶ 6). Bellavia states that Robinson remains employed in her part-time capacity to this day. (R. Doc. 36-3, ¶ 8).

The School Board further contends that Robinson's discrimination claim is not timely filed. (R. Doc. 36-2, p.6). Specifically, it asserts that Robinson should have filed the subject lawsuit by December 21, 2006, but failed to do so until April 20, 2007. (R. Doc. 36-2, p.6). According to the Complaint, Robinson timely alleged a claim based upon race, and her age claim was settled, yet she alleges discrimination based on age. The School Board therefore contends that, because Robinson's claim was resolved, the above facts constitute good cause for why the entry of default should be set aside by the Court.

Robinson generally contends that, given the time between the first notice and the waiver by the School System's attorney of record, the School Board had more than enough time to file its responsive pleading, but failed to do so. She further contends that the documents submitted by the School System are simply hearsay and do not amount to a definite recitation of facts. Robinson does not, however, address the facts set forth by the School Board regarding the alleged settlement agreement of her age discrimination claim.

The Court finds that, under the present facts, the School Board has provided a clear and specific statement which shows by definite recitation of facts that an injustice probably has been done by the judgment. Therefore, the default is hereby set aside.

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that the Tangipahoa School Board's **Motion to Set Aside Entry of**

**Default** (R. Doc. 36) is **GRANTED**.

New Orleans, Louisiana, this 24th day of October, 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**