UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTY C. ROBINSON | CIVIL ACTION |
| VERSUS | NO: 07-2199 |
| TANGIPAHOA PARISH SCHOOL SYSTEM, ET AL. | SECTION: KWR |

**ORDER AND REASONS**

This matter is before the undersigned United States Magistrate Judge upon consent of the parties pursuant to Title 28 U.S.C. § 636(c).[1] The Defendant, the Tangipahoa Parish School Board, ("the School Board") erroneously sued as Tangipahoa Parish School System ("the School System"), filed **Defendant's Motion For Summary Judgment (R. Doc. 50)**, seeking dismissal of the Plaintiff, Betty C. Robinson's ("Robinson") race discrimination claim pursuant title 42 U. S. C. § 2000e on the ground that it is untimely. The School Board also seeks to dismiss Robinson's age discrimination claim under the Age Discrimination In Employment Act, 29. U.S.C. § 621, *et. seq.* on the ground that she suffered no adverse employment action and therefore cannot meet her burden of establishing a prima facie case.

**I.  Background**

Robinson, a 71 year-old African American retired schoolteacher, filed suit against her employer, the School Board, alleging that she was "denied employment opportunities" when she applied for an open teaching position for which she was qualified as compared to the other

---

[1] The parties consented to proceed before the Magistrate Judge on October 24 and 25, 2000. (R. Docs. 6 and 7).

applicants. (R. Doc. 1, Compl. ¶ 5.) Robinson complains that, despite her 40 years of working for the Tangipahoa Parish School System, when she applied for the open teaching position, it was awarded to a younger Caucasian woman based upon "non-merit factors." (R. Doc. 1, Compl. ¶ 5.) She complains that, as a result of the School Board's actions, she was denied equal employment opportunities which adversely affected her employment status. (R. Doc. 1, Compl. ¶ 6.)

As a result, Robinson filed a charge of discrimination in violation of Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA") with the U.S. Equal Employment Opportunity Commission ("The Commission"). (R. Doc. 1, Compl. ¶ 7.) The Commission issued a Charging Party's Notice of Right to Sue on September 18, 2006, advising Robinson that she had 90 days from receipt of the Notice to Sue to pursue the allegations further in court.[2] (R. Doc. 50-3, Ex. A, p. 1, EEOC Determination Ltr., Sept. 18, 2006.) The Commission noted that it was unable to conclude that the information obtained established a violation of Title VII, but it explained that the Commission's Determination does not certify that the School Board is in compliance with the statute. (R. Doc. 50-3, Ex. A, p. 1, EEOC Determination Ltr.) The Commission further noted that it had determined that the evidence Robinson provided established that she was denied a contract of employment because of her age. (R. Doc. 50-3, Ex. A, p. 2, EEOC Determination Ltr.)

The Commission indicated that, when it concluded that Robinson was denied an employment contract based upon age, it instituted attempts to eliminate the alleged, unlawful employment practice by informal methods of conciliation. (R. Doc. 50-3, Ex. A, p. 2, EEOC Determination Ltr.) The Commission thereafter invited the parties to join with it to resolve the matter confidentially. (R. Doc. 50-3, Ex. A, p. 2, EEOC Determination Ltr.) The record does not provide any evidence

---

[2] Robinson received this letter on September 22, 2006.

regarding whether the School Board agreed to conciliate. Nonetheless, the action was filed in this Court on April 20, 2007. (*See generally* R. Doc. 1.)

Robinson's Complaint seeks relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. §§ 1981, 1983, and 2000e, *et seq.*, the ADEA, 29. U.S.C. § 621, *et. seq.*, and the Equal Employment Opportunity Act of 1972. (R. Doc. 1, Compl. ¶ 1.) She also asserts claims arising under State law, namely, the Louisiana Constitution of 1974, Louisiana Civil Code Article 2315, and Louisiana Revised Statutes Annotated §§ 23:312 and 23:332. (R. Doc. 1, Compl. ¶ 1.) Robinson seeks back pay with prejudgment interest, rightful-place employment or promotion with all seniority and benefits, an award of reasonable, general and special compensatory and punitive damages, attorney's fees, and expert fees and costs. (R. Doc. 1, Compl. ¶¶ 8-11.)

The School Board filed the subject motion, seeking a dismissal of Robinson's claims filed pursuant to 29 U.S.C. §§ 621, *et. seq.,* and 42 U.S.C. § 2000e at Robinson's costs. The School Board contends that: (1) Robinson's discrimination claim based upon race is untimely; and (2) Robinson has failed to establish a prima facie case of age discrimination.

## II. **Standard of Review**

Summary judgment is proper if the evidence shows that there exists no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A party is entitled to summary judgment only if the pleadings, depositions, answers to interrogatories, admissions and affidavits before the court at the time of summary judgment show that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Fields v. City of So. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

Once the moving party carries its burden of proving that there is no material factual dispute, the burden shifts to the nonmovant "to show that summary judgment should not lie." *Hopper v. Frank*, 16 F.3d 92, 96 (5th Cir. 1994). While the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmovant, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." *See Id.* at 586.

The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue of fact for trial." *Celotex Corp*, 477 U.S. at 324. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *See Szabo v. Errisson*, 68 F.3d 940, 942 (5th Cir. 1995); *See also Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994).

**III. Analysis**

    **A. Timeliness of Title VII Race Claim**

The School Board argues that Robinson's race discrimination claim should be dismissed because it is untimely. It asserts that the Notice of Right to Sue letter was issued to Robinson on September 18, 2006, and she received it on September 22, 2006. It contends that she had 90 days from the date she received the letter to file her Complaint but failed to do so. Therefore, the School

4

Board maintains that Robinson's race claim should be dismissed, because she failed to timely file her Complaint.

Robinson does not address the issue regarding the timeliness of the race claim. She did, however, file a general opposition to the subject motion.

Title 42 U.S.C. § 2000e-5(f)(1), provides that, if the Commission dismisses a charge or if, within 180 days after a charge is filed, the Commission has not filed a civil action, "the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." (emphasis added). In *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, (5th Cir. 1985), the Fifth Circuit held that the giving of notice to the claimant at the address designated by him suffices to start the 90-day period, unless the matter should be equitably tolled for some other reason or if the notice was not received by the plaintiff.

Equitable relief, however, is extended "only sparingly," as when "the complainant has been induced or tricked by his adversary's conduct into allowing the filing deadline to pass. *Hogan v. U.S., Dep't of Veteran Affairs,* No. Civ.A. 99-868, 1999 WL 1138529, at *3 (E.D. La. Dec. 7, 1999) (Wilkinson, M.J.). Generally, courts have been much less forgiving in instances where the claimant failed to exercise due diligence in preserving his legal rights. *Id.* (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Thus, "equitable tolling is premised on the plaintiff's excusable neglect, which may or may not be attributable to the defendant." *Anderson v. Unisys Corp.*, 47 F.3d 302, 306 (8th Cir. 1995), *cert. denied*, 116 S.Ct. 299 (1995). The plaintiff has the burden to demonstrate facts that justify equitable tolling. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

The facts of this case do not justify equitable tolling.[3] The record shows that Robinson, in response to the School Board's Requests for Admission, conceded that she received the Commission's Determination Charge on September 22, 2006. (R. Doc. 50-7, Ex. 6, Req. for Admission No. 5.) Therefore, Robinson had until Thursday, December 21, 2006 to file her Complaint based upon race discrimination. However, it was not until April 20, 2007 that Robinson filed the subject Complaint. Accordingly, Robinson's Title VII race claim is untimely, and the School Board's Motion for Summary Judgment seeking dismissal of Robinson's race claim is granted.

B.  **Age Discrimination Claim**

The School Board next alleges that Robinson has failed to establish a prima facie case of age discrimination. In so doing, it notes that Robinson claims that she did not receive a particular assignment. However, it contends that no teaching employee has an entitlement to a particular assignment, at a particular location. The School Board explains that a determination of that nature belongs exclusively to the School Board, citing La. Rev. Stat. §§ 17:81 and 17:151, and *Rosenthal v. Orleans Parish School Board*, 214 So.2d 203, 206 (La. App. 4 Cir. 1968) in support of its position.

The School Board further argues that the decision to place someone else in the position which Robinson applied for does not amount to an adverse employment decision. Therefore, it asserts that Robinson has failed to meet her burden of making a prima facie case of age discrimination. The School Board contends that, because Robinson applied for a substitute teaching position–which is by its very nature temporary–and the person who was selected for the temporary

---

[3] *See, e.g.*, *Kaura v. Pinkerton Sec. & Investigation Servs.*, 965 F.Supp. 16 (S.D. Miss. 1997).

position was never given permanent status, she has failed to prove the existence of age discrimination.

Robinson contends that the instant matter should be considered a mixed motive case. She argues that, if the matter is considered a mixed motive case, the School Board's Motion For Summary Judgment should be denied.[4] She does not, however, squarely address the issue of whether she has presented specific proof to establish a prima facie case of age discrimination.

In order to establish a prima facie claim for age discrimination, the plaintiff bears the burden of establishing that: (1) she was over the age of forty; (2) she was qualified for the job in question; (3) she suffered an adverse employment action; and (4) a similarly situated younger person was treated more favorably. *Knight v. Baptist Hosp. of Miami, Inc.,* 330 F.3d 1313, 1316 (11th Cir. 2003). An adverse employment action is defined as a "materially adverse change in the terms, privileges, duration and conditions of employment." *Bogues v. Town of Trumbull*, 3383 F.Supp. 2d 348, 355 (D.Conn 2005) (*quoting Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002)). Thus, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities"

---

[4] A mixed motive employment discrimination case arises when both legitimate and illegitimate factors are used to make an employment decision. *Duffy v. Sodexho*, No. 05-5428, 2008 WL 4919399, at *16 (E.D. Pa. Nov. 17, 2008) (*citing Price Waterhouse v. Hopkins*, 480 U.S. 228, 232 (1989) (acknowledging that Title VII prohibits and employer from taking a protected characteristic into account)). For example, in *Price Waterhouse*, the Court found that an employer could avoid liability under Title VII by demonstrating that it would have made the same employment decision even if it had not taken into account the protected characteristic. *Id.* Congress passed the Civil Rights Act of 1991 as a response to *Price Waterhouse*. *Id.* This Act provides: "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." *Id.* (citing 42 U.S.C. § 2000e-2(m)) (other citations omitted).

The Act was meant "'to eliminate the employer's ability to escape liability in Title VII mixed-motive cases by proving that it would have made the same decision in the absence of discriminatory motivation.'" *Id.* at 17. (*quoting Hill v. Lockheed Martin Logistics Mgmt.*, Inc., 354 F.3d 277, 284 (4th Cir.2004) (en banc)). It does not, however, absolve employers who discriminate in hiring. Instead, it limits the remedies available when a defendant demonstrates that it would have made the same decision even in the absence of the "impermissible motivating factor." *Id.* (*quoting* 42 U.S.C. § 2000e-5(g)(2) (B)). In this case, there is no evidence of a mixed motive in the School Board's decision to hire Crystal Bailey as opposed to Ms. Robinson. Therefore, the Court notes that the mixed motive burden does not change the results in this case.

and "might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation."[5] *Id.* (*citing Guglietta v. Meredith Corp.*, 301 F.Supp.2d 209, 214 (D.Conn. 2004)) (internal citations omitted).

If the plaintiff is able to establish each element of the claim, the burden of production shifts to the defendant, who must then offer evidence of a legitimate non-discriminatory reason for its action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "If that showing is made, the burden, which is now more significant, shifts back to the employee." *Billet v. Cigna Corp.*, 940 F.2d 812, 816 (3d Cir.1991), *abrogated in part on other grounds by St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

To avoid summary judgment, the plaintiff must demonstrate, by a preponderance of the evidence, that: (1) the legitimate non-discriminatory reason articulated by the employer is not worthy of credence; or (2) the employer's action was more likely to have been motivated by discrimination. *Williams v. Pittsburgh Public Sch.*, No. 03-1983, 2006 WL 515586, at *2 (W.D. Pa. Feb. 28, 2006) (*citing Sullivan v. Standard Chlorine of Del. Inc.*, 845 F.Supp. 167, 175 (D.Del. 1995)). Furthermore, the plaintiff's evidence must suffice "to support a reasonable inference that the explanation given for the employment decision is a pretext for discrimination." *Id.* However, pretext cannot be established unless the reason offered by the employer "was false, and ... discrimination was the real reason." *Id.* Ultimately, the burden of persuasion remains with the plaintiff at all times. *Id.*

In the case sub judice, Ms. Robinson was 66 years old at the time she applied to fill the

---

[5] *See also Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir.1999) (holding that employee who suffered no reduction in pay, benefits, or working hours was not constructively demoted and thus suffered no adverse employment action).

temporary substitute position of Mr. Barry Portier, a permanent full time teacher who was called to military duty.[6] (R. Doc. 50-2, Ex. 1, pp. 10-11, 13, Depo. Tr. of Betty C. Robinson, Apr. 2, 2009; R. Doc. 50-3, Ex. 2, ¶¶ 21, 22, Aff. of Thomas Bellavia, Personnel Director, Tangipahoa Parish Sch. Bd. Apr. 23, 2009.) Robinson applied to fill Portier's position as a substitute teacher pending his return to the school. (R. Doc. 50-2, Ex. 1, pp. 14-15, and 20.) The evidence shows that a younger white female, Crystal Stilley Bailey ("Bailey"), was selected as the substitute for Mr. Portier for the 2004-2005 school year. (R. Doc. 50-2, Ex. 1, pp. 27-29, Depo Tr. of Betty C. Robinson; R. Doc. 50-5, Ex. 4, Answers to Interrog. No 6., Mar. 31, 2009. *See also* R. Doc. 50-3, Ex. 2, ¶ 28, Aff. of Thomas Bellavia.)

Robinson was qualified to fill the substitute position because she had worked as a substitute teacher for the School System since 1997. (R. Doc. 50-3, Ex. 2, ¶ 9, Aff. of Thomas Bellavia.) The record shows that in August of 2003, the school year before Bailey was selected to fill the substitute position for Portier, Portier was called to active military duty. The School Board determined that a substitute was needed to fill the position on an indefinite basis. As a result, Robinson was selected to substitute for Mr. Portier on an indefinite basis since the School Board did not know when he would return. Therefore, Robinson served as a long-term substitute in the position from August of 2003 through May of 2004–the end of the school year.

Portier returned from military leave and resumed working in his previous position as teacher at the Florida Parishes Juvenile Detention Center ("the FPJDC"), where he worked for ten days until he reactivated to military duty in September of 2004. Robinson testified that she remained on the substitute list during that period but was not call to work during the brief ten day period.

---

[6] Robinson complains about a job that she sought during the 2004-2005 school year. Her current age is 71 years old. (R. Doc. 50-2, Ex. 1, p. 3, lns. 8-11, Depo Tr. of Betty C. Robinson.)

9

Thereafter, the School Board sought to fill the position again with a long-term substitute teacher. Robinson's name was submitted along with the others, and the FPJDC ultimately chose Bailey, a white female who was 39 years old at the time and a certified teacher. Bailey worked in the position until April of 2005, and during the remaining month of school, day-to-day substitutes were used to fill the post. ( R. Doc. 50-3, Ex. 2, ¶¶ 27-30, Aff. of Thomas Bellavia.) A long-term substitute receives $73.00 dollars per day for basic pay. (R. Doc. 50-2, Ex. 1, p. 9, Depo Tr. of Betty C. Robinson.)

Robinson continued to work as a substitute for the School Board during the 2004-2005 school year. (R. Doc. 50-2, Ex. 1, p. 31, Depo Tr. of Betty C. Robinson.) There is no evidence in the record showing the basic pay she received during this period.

For the 2005-2006 school year, Robinson worked in the Reading First Program at Hammond Westside Primary School five days per week, for three hours a day, at a rate of $25.00 per hour through May of 2006. (R. Doc. 50-3, Ex. 2, ¶¶ 31-34, Aff. of Thomas Bellavia.) Robinson was not permitted to return to the school, because the funding used to pay her salary was from a grant and the funds were depleted. Robinson continued to work for the School Board as a substitute teacher, even after Bailey was selected to fill the substitute position during Portier's military leave. The record further shows that, for the 2006-2007 and 2007-2008 school years, Robinson worked for the School Board as a substitute teacher. (R. Doc. 50-2, Ex. 1, pp. 34-35, Depo Tr. of Betty C. Robinson.)

It is this Court's opinion that Robinson has not experienced an adverse employment decision. Consequently, Robinson has not established a prima facie case of age discrimination. Therefore, the School Board's Motion for Summary Judgment seeking dismissal of Robinson's age

discrimination claim for failing to meet her burden of proof is granted.

The Court notes that the subject motion is limited to Robinson's Title VII race claim pursuant to 42 U.S.C. § 2000e and her age discrimination claim pursuant to 29 U.S.C. §§ 621, *et. seq.* However, Robinson's Complaint also sought recovery under Title 42 U.S.C. §§1981 and 1983; the Louisiana Constitution, La. Civ. Code. Ann. art. 2315, and La. Rev. Stat. Ann. §§ 23:312 and 23:332. Therefore, this decision does not affect the viability of the remaining claims.

## VII. Conclusion

**IT IS ORDERED** that the Defendant, Tangipahoa Parish School Board's **Motion For Summary Judgment (R. Doc. 50)** is hereby **GRANTED.** The Plaintiff, Betty C. Robinson's claims raised under Title 42 U.S.C. 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination In Employment Act, 29. U.S.C. § 621, *et. seq.* are **DISMISSED WITH PREJUDICE.**

$\qquad$

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**